■ In the Matter of RUBY LEAVITT, Respondent, v. MILTON G. LEAVITT, Appellant.— Order of the Family Court of the State of New York, New York County, entered on August 14, 1973, directing appellant to pay support of $200 per month to respondent, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reducing said sum to $150 per month and otherwise affirmed, without costs and without disbursements. Order entered on September 7, 1973, directing appellant to pay one half of a $700 counsel fee, unanimously affirmed, without costs and without disbursements. On this record, giving due regard to the circumstances of the respective parties, in particular to the length of the marriage, the preseparation standard of living, the wife's ability to be self-supporting and the financial resources of both parties, we conclude that an award in excess of that indicated above is not warranted. Concur — J. P., Steuer, Capozzoli, Lane and Lynch, JJ.

■ BOKAL REALTY CORP., Respondent, v. SATURN 1850 ESTATES, INC., et al., Respondents; LOUIS LAZARUS, as Executor of MAX S. MELAMED, Deceased, et al., Appellants.— Order, Supreme Court, New York County, entered July 12, 1973, denying defendants Louis Lazarus' (as executor of the estate of Max S. Melamed) and Ella Melamed's motion to dismiss the complaint, unanimously reversed, on the law, defendants-appellants' motion granted, the complaint dismissed and the action severed as to them. Defendants-appellants shall recover of plaintiff-respondent $60 costs and disbursements of this appeal. The complaint to foreclose the second mortgage fails to state a cause of action against these defendants. The first mortgage was held by Max and Ella Melamed, jointly. Louis Lazarus, upon the death of Max, became the executor of his estate. The estate has been closed and Ella Melamed is the sole holder of the first mortgage, and only she excuted the extension agreement and then on the same terms and conditions set forth in the first mortgage. The extension did not require plaintiff's consent and consequently cannot form a basis for a cause of action. Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Capozzoli, JJ.